**CENTRAL TEXAS EXCH. NAT. BANK v. SPARKMAN et al.   (No. 6280.)**

(Court of Civil Appeals of Texas. Austin. Feb. 2, 1921. Rehearing Denied March 9, 1921.)

Chattel mortgages ⟲138(2) — Mortgage by owner of half interest in laundry held inferior to mortgage for purchase price of other half interest.

Where defendants, having a half interest in a laundry property, gave a mortgage covering all the property to a bank, and on the day the mortgage was recorded purchased from plaintiff the other undivided half interest, plaintiff not retaining a lien in the bill of sale, but taking a mortgage to secure the purchase price which he filed forthwith, *held*, that the bank's lien was inferior to plaintiff's lien.

Appeal from District Court, McLennan County: Richard I. Munroe, Judge.

Suit by R. E. Sparkman against Pat J. Wynne, the Central Texas Exchange National Bank, and others. From judgment for plaintiff, the bank appeals. Affirmed.

G. W. Barcus, of Waco, for appellant.

Sleeper, Boynton & Kendall and Joe Taylor, Jr., all of Waco, for appellees.

BRADY, J.   R. E. Sparkman brought this suit against Pat J. Wynne, W. H. Dudney, Waco Sunshine Laundry, a corporation, G. B. Adams, and the Central Texas Exchange National Bank of Waco to recover against the defendants Wynne and Dudney on a note, and to foreclose as against all of the defendants a chattel mortgage. The note was executed by defendants Wynne and Dudney to the plaintiff, and was dated January 25, 1919. The chattel mortgage was of the same date, and was filed in the office of the county clerk on the same day.

Defendants Wynne and Dudney filed a general denial and general demurrer. The other defendants, in addition to similar pleas, specially set up a note and chattel mortgage given by the Waco Sunshine Laundry to the Central Texas Exchange National Bank, covering the property against which plaintiff sought a foreclosure, and alleged that the mortgage of the bank was prior to that of plaintiff, and the bank sought a foreclosure thereon.

The trial was before the court without a jury. Judgment was rendered for the plaintiff against Wynne and Dudney for the amount of the note and for foreclosure of his lien on an undivided half interest in the property described in his mortgage; and the bank's lien was adjudged to be subject and inferior to the lien of plaintiff on such undivided half interest. The trial court filed conclusions of fact and law, which we adopt, as follows:

"(1) On November 20, 1918, defendant Pat J. Wynne owned the property described in the mortgage set out in plaintiff's partition, and on said date sold an undivided half interest therein to plaintiff.

"(2) On the 25th day of January, 1919, plaintiff sold his half interest in said property to defendants Wynne and Dudney, who gave him for the purchase money the note for $1,000 sued on by plaintiff and secured the same by a chattel mortgage on said property which was duly registered on the same date.

"(3) Defendants Adams, Wynne, and Dudney incorporated defendant Waco Sunshine Laundry on the 16th day of January, 1919, and the articles of incorporation were duly filed in the office of the Secretary of State on the 21st day of January, 1919, and defendant Wynne sold to said corporation all his interest in said property; and thereafter, on the 22d day of January, 1919, said corporation Waco Sunshine Laundry gave a chattel mortgage on said property to secure the indebtedness set out and described in the answer of defendant Central Texas Exchange National Bank, which was duly registered on the 25th day of January, 1919.

"(4) The mortgage given by the Waco Sunshine Laundry, as above stated, did not affect the interest or rights of plaintiff in said property, and the chattel mortgage given to him by Wynne and Dudney to secure the payment of said note for $1,000 is superior to the lien and mortgage given by Waco Sunshine Laundry to defendant bank as to an undivided one-half of said property.

"Conclusions of law: I conclude, as a matter of law, that plaintiff is entitled to have judgment against defendants Wynne and Dudney for the amount of principal, interest, and attorney's fees on said note for $1,000, and for foreclosure of the chattel mortgage given to secure said note on an undivided one-half interest in said property, as against all the defendants, and that the defendant bank is entitled to judgment for the amount of its debt against the Waco Sunshine Laundry and a foreclosure of the chattel mortgage given by the Waco Sunshine Laundry to secure the same upon all of said property described in said mortgage, subject to the prior right and lien of plaintiff on an undivided one-half of the property described in the chattel mortgage given to him to secure the payment of said $1,000 note, and I give judgment accordingly."

Opinion.

[1] In several forms the appellant bank attacks the judgment upon the ground that the bank having lent the sum of $4,000 to the Waco Sunshine Laundry, and having taken a mortgage on its equipment to secure the same, without any knowledge of Sparkman's claim, it was entitled to a prior lien; the mortgage having covered the property included in the mortgage of Sparkman. The various propositions also embrace the point that the bill of sale from Sparkman to Wynne and Dudney conveyed his interest in an undivided one-half of the laundry property, without retaining a lien on the same, and the

latter parties having conveyed the same property to the corporation, Waco Sunshine Laundry, which in turn mortgaged it to the bank to secure the loan, the conveyance of Sparkman by bill of sale to Wynne and Dudney inured to the benefit of the bank, although the mortgage to the bank was prior in time to the bill of sale. In other words, it is claimed that Sparkman having sold his interest to Wynne and Dudney, after they had conveyed the property to the corporation, and after it had mortgaged the property to the bank, without his having retained any lien on the property, he waived any claim or interest therein and any security therefor, and is estopped from claiming a lien on the same.

We do not think there is any merit in any of these contentions, and that the trial court rendered the correct judgment upon the facts of the case. At the time Wynne and Dudney incorporated the Waco Sunshine Laundry, and at the time Wynne sold his interest in the property to the corporation, he owned but an undivided half interest therein, and had no power or authority to convey Sparkman's undivided half interest. The latter did not consent to the transfer of his interest to the corporation, and did not have any knowledge thereof until after the bank took its mortgage. Wynne could convey no greater title than he had, and therefore the mortgage from the corporation to the bank did not and could not affect the interest or rights of Sparkman in the property.

As to the point that Sparkman had conveyed his undivided half interest to Wynne and Dudney, on the same day that the bank's mortgage was filed, and had not retained any lien in the bill of sale, and that therefore the transfer of title inured to the benefit of the bank, it is enough to say that, on the same day and as a part of the same transaction, Sparkman took a mortgage lien from his vendees to secure the purchase price, and filed the mortgage forthwith. He did not lose his rights to security on the property by the bill of sale, although it may have preceded, in point of time, the mortgage given on the same day. The record is clear to the effect that the transfer by bill of sale and the taking of the mortgage were so related, in point of time, as to be one transaction, and there is neither any estoppel nor other principle upon which it can be claimed the bank secured a superior lien. Sparkman was not responsible for the bank's failure to discover his interest in the property, nor for any misrepresentations of Wynne and Dudney, or either, if any there were.

All the assignments have been considered and are overruled, and, no reversible error having been shown, the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellant's motion for rehearing has been given due consideration, but we see no reason to recede from our former conclusions, and the motion is overruled.

Appellant, however, has asked us to file an additional conclusion of fact to the effect that the bill of sale from Sparkman to Wynne and Dudney did not retain a lien. We think our original opinion fairly discloses that the bill of sale did not, on its face, purport to reserve title to the property or any lien thereon. Furthermore, the instrument is in the statement of facts, and speaks for itself. Counsel for appellant, however, seems to think the case cannot be properly presented to the Supreme Court without the additional finding asked. In view of this, we accede to the request, and expressly find that the bill of sale does not, on its face, retain any lien.

It is thought proper to say that this additional finding is not really an ultimate fact, since this circumstance does not determine the issue as to whether or not Sparkman, at the time he conveyed the property to Wynne and Dudney, in fact retained a mortgage to secure the purchase price. Furthermore, the finding does not militate against the conclusion of the trial court, adopted by us, that the note for the purchase money was secured by chattel mortgage executed and registered on the same day that the bill of sale was made. We pointed out in the original opinion the reasons why the chattel mortgage was effective to secure the debt notwithstanding the execution on the same day of the bill of sale, which did not expressly retain a lien.

Motion overruled.